IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-21-CR-161-R |
| | ) |
| TERRANCE MICHAEL TAYLOR, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Terrance Michael Taylor's letter construed as a motion to substitute counsel. Doc. No. 97. Mr. Taylor desires the Court appoint him a new attorney that will "zealously defend and protect my rights" and "who does not "act[] like they are going to die from covid". *Id*. The Court DENIES the motion.

First, Mr. Wells' decision to take care of his own health in the face of Defendant's decision to refuse vaccination against COVID-19 does not warrant substitution of counsel. As the Tenth Circuit Court of Appeals stated in *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005):

> To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict. Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney[.] [R]ather there must be a total breakdown in communications. To prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible.

(internal citations, quotation marks, and brackets omitted).

During proceedings before the Court on April 18, 2022, Defendant's attorney informed the Court that Mr. Taylor had chosen not to be vaccinated and that he was therefore utilizing glass-divided rooms to discuss Defendant's case with him. Doc. No. 95 at 28–29. Mr. Taylor raised his communication and evidentiary concerns before the Court and requested substitute counsel during the same proceeding. *Id*. at 23–30. The Court found that Mr. Taylor had not demonstrated the necessary breakdown in communication requisite to show meaningful communication was not possible with his attorney. *Id*. at 29–30. Consequently, the Court denied Defendant's motion. *Id*. Mr. Taylor's current motion has not provided any new justification as to why the Court should change its earlier decision. Therefore, the Court will again deny Defendant's motion for the substitution of counsel.

Mr. Taylor also objects to the use of evidence regarding his state case, *State of Oklahoma v. Terrance Michael Taylor*, CF-2020-2653 (D. Okla. Cnty. 2020)[1], in his federal case because he believes the use of this evidence during sentencing or trial places him in double jeopardy. He argues that his attorney's failure to raise these issues endanger his right to a fair trial and fair sentencing hearing. The Supreme Court has held that "[u]nder [the] 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute." *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). Because Defendant's double jeopardy claim is premised on his state and federal charges being the same, his

---

[1] Available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2020-2653&cmid=3884414. Defendant is charged in the District Court of Oklahoma County with three counts: (1) pointing a firearm at another in violation of Okla. Stat. tit. 21 §§ 1279, 1289; (2) molesting a standing vehicle in violation of Okla. Stat. tit. 21 §§ 1751–1790; and (3) assault and battery with a deadly weapon in violation of Okla. Stat. tit. 21 §§ 645, 652, 653, 681.

argument necessarily fails on the merits. Therefore, Mr. Wells' decision not to pursue this claim before the Court is very much logical. Furthermore, if this case goes to trial, the Court will have to determine what, if any, of the evidence before the state court is admissible for that proceeding, and Defendant will have the opportunity to object to proposed evidence at that time.

Regarding Mr. Taylor's objection that Mr. Wells is failing to protect him from the use of evidence before the state in determining his potential sentencing range, the Sentencing Guidelines require a sentencing court to consider all "relevant conduct" in determining the applicable guideline range. Relevant conduct includes all acts that constitute the "offense of conviction," U.S.S.G. § 1B1.3(a)(1), as well as acts that are "part of the same course of conduct or common scheme or plan as the offense of conviction," [*id*., § 1B1.3(a)(2)], "regardless of whether the defendant was convicted of the underlying offenses pertaining to the additional amounts." *United States v. Rutter*, 897 F.2d 1558, 1562 (10th Cir. 1990); *see also United States v. Kelly*, 1 F.3d 1137, 1139 n.1 (10th Cir. 1993) ("The Tenth Circuit allows a sentencing court to consider trial evidence that was applicable to a charge upon which the defendant was acquitted."). Relevant conduct need only be proven by a preponderance of evidence. *See United States v. McKneely*, 69 F.3d 1067, 1078 (10th Cir. 1995).

If this case proceeds to sentencing, the Court will have to determine what evidence is relevant and admissible. Defendant, through counsel, will have the opportunity to object to any evidence he believes should be excluded from that proceeding. However, Defendant must understand that his disagreement with his attorney's trial or sentencing hearing

strategy is not a ground for substituting counsel. *See United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) ("Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney . . . rather there must be a total breakdown in communications."). If Defendant objects to the approach Mr. Wells is taking in preparing for trial or sentencing, Defendant should know that his attorney is a very experienced defense lawyer who has successfully represented many criminal defense clients in the past.

For the reasons above, the Court DENIES the motion in Defendant's letter [Doc. No. 97], which the Court construes as a motion to substitute counsel.

IT IS SO ORDERED this 11th day of May 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE