IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-21-161-R |
| | ) | |
| TERRENCE MICHAEL TAYLOR, | ) | No. CIV-24-89-R |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Taylor's Motion to Vacate, Set Aside, or Correct Sentence brought under 28 U.S.C. § 2255 [Doc. 155]. The Government responded [Doc. 169], and the matter is at issue. Taylor challenges his conviction on six grounds: (1) ineffective assistance of counsel, Julia Summers; (2) "miscarriage of justice exception"; (3) "conviction on planted/fabricated evidence"; (4) "fraud on the Court"; (5) "tainted conviction"; and (6) ineffective assistance of counsel, Joe Wells. Doc. 155. The Government argues that Taylor's claims are either procedurally barred or that he does not carry his high burden of demonstrating ineffective assistance of counsel. This Court agrees with the Government that Taylor's claims fail and DENIES his § 2255 Motion.

## I.     BACKGROUND

Mr. Taylor was indicted in 2021 on three charges of violating 18 U.S.C. § 922(g)(1). Following a multitude of proceedings culminating in his sentencing in this Court, Taylor appealed the judgment against him to the Tenth Circuit Court of Appeals. In an opinion

issued in November of 2023 [Doc. 153] denying his appeal, the Tenth Circuit succinctly summarized the history of Mr. Taylor's case:

> A grand jury indicted Mr. Taylor on one count of felon in possession of five pistol cartridges marked "FC .9MM LUGER" on May 29, 2020; one count of felon in possession of seven pistol cartridges marked "FC .9MM LUGER" on June 6, 2020; and one count of felon in possession of the 9mm Kel-Tec pistol and the Marlin .22 rifle between June 6 and June 10, 2020 . . . . A week before trial the district court granted Mr. Taylor's request to represent himself and have his previous counsel [Summers] appointed as stand-by counsel. On the day set for trial he pleaded guilty to all three counts. The district court found that his guilty plea was voluntary and made with an understanding of the charges and the consequences of his plea . . . . Three weeks after entering his plea, Mr. Taylor submitted pleadings alleging misconduct by [Summers]. The district court terminated his original counsel and appointed new counsel [Wells] to represent him at sentencing. He then personally sent numerous letters to the district court claiming that prosecutors violated his constitutional rights, including his right not to be subjected to double jeopardy. He also submitted a motion to withdraw his guilty plea. The district court denied the motion, explaining that his plea had been "knowing and voluntary." Mr. Taylor was sentenced to 300 months' imprisonment.

*United States v. Taylor*, 86 F.4th 853, 855 (10th Cir. 2023).[1] On appeal, Taylor argued his sentence was improperly multiplicitous in violation of the Double Jeopardy clause, claiming that the three felon in possession counts constituted only "one incident of possession." *Id.* The Tenth Circuit found Taylor had "waived this argument by pleading guilty to three separate counts" and affirmed this Court's judgment. *Id.*

Now, Taylor brings this habeas action on a largely similar basis. The crux of his petition is that his guilty plea was not knowing or voluntary because of the alleged ineffective assistance of his appointed counsel. Doc. 156 at 2-4. According to Taylor,

---

[1] For a more detailed discussion of the factual background of the case, see *United States v. Taylor*, No. CR-21-CR-161, 2022 WL 2758545 (W.D. Okla. July 14, 2022).

competent counsel would have informed him that the counts against him were potentially multiplicitous, and he would have opted to take his case to trial if he had been properly informed. *Id.*

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the district court finds the movant's assertions to be meritorious, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*

A petitioner claiming ineffective assistance of counsel must make two showings: "(1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" *United States v. Deiter*, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A court "may address the performance and prejudice components of the *Strickland* test in any order but need not address both if [the petitioner] fails to make a sufficient showing of one*." United States v. Dominguez*, 998 F.3d 1094, 1110 (10th Cir. 2021) (internal quotation and alteration omitted).

### III.   DISCUSSION

By pleading guilty, several of Mr. Taylor's claims are procedurally foreclosed. When Mr. Taylor was representing himself with Ms. Summers as his standby counsel, he pled guilty to the three counts he faced in open court. Docs. 48-49. Given "solemn declarations in open court carry a strong presumption of verity[,]" that admittance of guilt is "a formidable barrier" in this collateral proceeding. *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In this way, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.* Accordingly, Mr. Taylor is procedurally barred from collaterally attacking the factual basis of his conviction—such as his fabricated evidence and fraud on the court claims—because his plea acts as an admittance of guilt to the substantive crime.[2] *See United States v. Cockersham*, 237 F.3d 1179, 1182 (10th Cir. 2001); *see also United States v. Altamirano-Quintero*, 504 F. App'x 761, 766 (10th Cir. 2012). Thus, Grounds Two, Three, Four, and Five of Taylor's habeas petition are DENIED.[3]

---

[2] The Court adjudged Taylor's guilty plea to be valid after a hearing on his motion to withdraw his plea. Doc. 129. Despite this, Mr. Taylor may still lodge a habeas challenge based on allegedly ineffective legal assistance he received while represented by Ms. Summers prior to deciding to represent himself, including allegedly deficient advice he received prior to pleading guilty.

[3] Mr. Taylor's attempt to invoke the miscarriage of justice exception fails because it requires him to make a colorable showing of innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Not only

Ground Six of Taylor's habeas petition, an ineffective assistance of counsel claim against Joe Wells, is equally unsound. To demonstrate ineffective assistance, the *Strickland* standard requires a showing of both deficient performance by counsel and prejudice to the Defendant stemming from the counsel's acts. 466 U.S. at 687. Taylor argues Wells' failure to raise a multiplicity argument at his sentencing hearing breached this standard. Doc. 155 at 13. The Tenth Circuit found, however, that Taylor waived this multiplicity argument by pleading guilty to three separate counts. *Taylor*, 86 F.4th at 855. Consequently, Mr. Wells neither performed incompetently nor was Mr. Taylor prejudiced by Mr. Wells choosing not to raise a waived argument at Taylor's sentencing hearing. Accordingly, the Court DENIES Ground Six of Taylor's habeas petition.

Taylor's only remaining claim is Ground One, which asserts his counsel Julia Summers provided ineffective assistance of counsel by: (1) withholding or not providing certain discovery items in a timely manner; and (2) not adequately informing him of the possibility of challenging the indictments on multiplicity grounds before he opted to plead guilty. Doc. 155 at 3; Doc. 156 at 2-5. Each of these arguments fails under the *Strickland* standard.

First, Taylor complains that Ms. Summers provided him insufficient discovery because he had requested certain pictures and records of social media messages multiple times, yet he received them at the courthouse only hours prior to his scheduled trial. Doc.

---

did Mr. Taylor admit to the commission of the crimes, but he has provided no new evidence that would make it "more likely than not that no reasonable juror would have convicted" him. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013).

156 at 2-4. Taylor claims that had he received these documents with ample time to review them, he would not have pled guilty "out of ignorance." *Id.* at 4.

Taylor, however, cannot show the necessary prejudice from ineffective assistance of counsel because when Taylor did plead guilty, he was representing himself. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (internal quotation omitted). The Sixth Amendment's right to counsel is intended to "justify reliance on the outcome of the proceeding." *Strickland*, 466 U.S. at 691-92. A defendant must "affirmatively prove prejudice" because "it is not enough . . . to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Even assuming Ms. Summers acted deficiently in not providing discovery items to Mr. Taylor in a prompt manner, Mr. Taylor was fully capable of either asking the Court for a continuance to review the materials he received or opting not to plead guilty on November 2, 2021. Instead, Mr. Taylor met by himself with counsel for the Government and agreed to plead guilty.[4] Doc. 48. In doing so, Taylor agreed under oath that Ms.

---

[4] Furthermore, Mr. Taylor undertook this act without any assistance from Ms. Summers. She avers that he "did not wish my participation or even my presence during their conversations, and I was not party to their negotiations." Doc. 169-4 at 3.

Summers had "done all anyone could do . . . to counsel and assist [him] in this matter[.]" Doc. 169-3 at 10. Moreover, he represented that he had enough time to talk with his attorney about his case in his signed Petition to Enter a Plea of Guilty. Doc. 149 at ¶ 8. Accordingly, Mr. Taylor cannot show the allegedly deficient production of discovery by Ms. Summers prejudiced him. He speculates he would have acted differently if he were provided the materials sooner. However, Mr. Taylor represented himself on November 2, 2021, and he chose to admit to committing the three crimes with which he was charged. His complaints do not now undermine confidence in an outcome that he personally orchestrated.

Second, Mr. Taylor claims Ms. Summers was deficient by failing to raise the issue of multiplicity with him before he began representing himself. In Taylor's telling, he was ignorant of a potential double jeopardy issue because Ms. Summers did not—and reasonably should have—flagged multiplicity as a legal strategy from the facts of the case. Courts must be "highly deferential" when scrutinizing counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689. The reasonableness of an attorney's conduct must not be evaluated with the benefit of hindsight; instead, it must be "viewed as of the time of the counsel's conduct" and "in light of all the circumstances" given the particular facts of a case. *Id.* at 690. The reasonableness of pursuing a certain strategy "may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

Given that counsel is afforded a strong presumption of adequacy and wide latitude in their exercise of professional judgment under the *Strickland* standard, Summers' alleged failure to raise a multiplicity issue was within the realm of reasonable professional conduct. The Tenth Circuit stated multiplicity was not apparent from the face of the indictment, and given the factual record at the time, there was no apparent multiplicity issue. *See Taylor*, 86 F.4th at 858-59 ("[T]he indictment is fully consistent with the possibility that Mr. Taylor acquired and stored the firearms separately and had multiple caches of ammunition that he accessed on different dates."). Given a multiplicity issue was not evident at the time she was providing counsel, Summers' decision to not pursue it as a litigation strategy was reasonable. Thus, Ms. Summers' assistance was not deficient. Ground One of Taylor's habeas motion is DENIED.

## IV.    CONCLUSION

Mr. Taylor's Section 2255 Motion is DENIED in its entirety. Because the record conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing is not warranted. Accordingly, Mr. Taylor's Motion requesting appointed counsel for said hearing [Doc. 160] is DENIED.

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S.

322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in

this case and a COA is therefore DENIED.

   **IT IS SO ORDERED** this 30th day of May 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE