# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. CR-21-161-R |
| TERRENCE MICHAEL TAYLOR, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Taylor's Motion for Reconsideration of 2255 Motion [Doc. 176]. Taylor re-urges the six grounds on which he moved this Court to vacate his conviction: (1) ineffective assistance of counsel, Julia Summers; (2) "miscarriage of justice exception"; (3) "conviction on planted/fabricated evidence"; (4) "fraud on the Court"; (5) "tainted conviction"; and (6) ineffective assistance of counsel, Joe Wells. Doc. 155. He also repeats his request for an evidentiary hearing. Because Defendant Taylor merely relitigates his § 2255 motion and the Court finds no clear error in its prior Order, Defendant's Motion is DENIED.

I.  BACKGROUND

Defendant Taylor was indicted in 2021 on three charges of violating 18 U.S.C. § 922(g)(1). He pled guilty to each.[1] On appeal, Taylor argued his sentence was improperly multiplicitous in violation of the Double Jeopardy clause, claiming that the three felon in

---

[1] For a more detailed discussion of the factual background of the case, see *United States v. Taylor*, No. CR-21-CR-161, 2022 WL 2758545 (W.D. Okla. July 14, 2022).

possession counts constituted only "one continuous incident of possession." *United States v. Taylor*, 86 F.4th 853, 855 (10th Cir. 2023). The Tenth Circuit found Taylor had "waived this argument by pleading guilty to three separate counts" and affirmed this Court's judgment. *Id.* Defendant Taylor then lodged a collateral attack under 18. U.S. § 2255. The crux of the motion was that his guilty plea was not knowing or voluntary because of the alleged ineffective assistance of his appointed counsel. Doc. 156 at 2-4. The Court denied his habeas petition, finding that many of Taylor's grounds for relief were procedurally barred and that he had not carried his burden on the ineffective assistance of counsel claim. Doc. 170. Defendant now asks the Court to reconsider.

## II. LEGAL STANDARD

The rule under which a motion to reconsider is brought is determined by the substance of the relief requested. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). When the movant requests "a substantive change in the district court's decision," Rule 59(e) is the proper standard. *Id.* The rule simply states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). A motion under the rule "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Benne v. Int'l Bus. Machines Corp.*, 87 F.3d 419, 428 (10th Cir. 1996) (quotation omitted). The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)).

### III. DISCUSSION

Because Defendant seeks a substantive change in the Court's decision, Rule 59 is the proper avenue for relief. *Hannon*, 981 F.2d at 1144 n.2. "[A] court may reconsider an order [under Rule 59] if there is an intervening change in controlling law, if new evidence becomes available, or if the court determines that there is a need to correct clear error or prevent manifest injustice." *O'Toole By & Through O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 223*, 963 F. Supp. 1000, 1015 (D. Kan. 1997). In the short time between the Court's judgment against Defendant and his Motion to Reconsider, the controlling law of 18 U.S.C. § 2255 has not changed. Defendant also does not suggest evidence has become newly available in that time. Thus, Defendant must convince the Court that it must reconsider its judgment "to correct clear error or to prevent manifest injustice." *Id.*

Defendant does not do so. Instead, he merely relitigates his Motion to Vacate and proffers the same theories that this Court recently rejected. Claim by claim, he proceeds in the exact same fashion, making arguments in this Motion to Reconsider that are virtually identical to the arguments he put forward regarding the Motion to Vacate. *Compare* Docs. 155, 164, 176. The arguments were rejected in the Court's prior Order; they fare no better now. The Court finds no clear error in its previous Order. The Motion to Reconsider is DENIED.

**IT IS SO ORDERED** this 28th day of June 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE